IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KAY A. KINGSLEY,
et al.,

      Plaintiffs,

vs.

Case No. C2-09-1090
Judge Edmund A. Sargus, Jr.
Magistrate Judge Terence P. Kemp

N. EUGENE BRUNDIGE,
et al.,

      Defendants.

## ORDER

Plaintiffs, Kay A. Kingsley and Municipal Construction Equipment Operators Labor Council ("Union") filed a Complaint in this Court on November 30, 2009 alleging civil violations under 42 U.S.C. §§ 1983 and 1985. Plaintiff, the Union moves the Court to it issue a temporary restraining order against the State Employee Relations Board ("SERB") prohibiting a hearing from proceeding in *State Employment Relations Board v. City of Cleveland*, SERB No. 07-ULP-04-0156, set for a hearing on December 2, 2009. This matter came before the Court for an informal telephonic status conference pursuant to S.D. Ohio Civ. R. 65.1. Counsel for Plaintiffs and Defendants participated in the conference.

As set forth more fully on the record during the conference, and as set forth below, the Court finds that Plaintiffs have failed to demonstrate that they will suffer irreparable harm if the SERB hearing is permitted to proceed. This and other factors lead the Court to conclude that Plaintiffs' Motion must be **DENIED**.

I.

In their Complaint, Plaintiffs allege that their claims arise out of "the Due Process clause of the Fifth Amendment to The United States Constitution made applicable to the states through the Fourteenth Amendment of the United States Constitution," related to Plaintiff Kay A. Kingsley's "liberty interest in employment." (Compl., ¶ 1.) Plaintiffs assert that the Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331, by way of 42 U.S.C. §§ 1983 and 1985.[1]

In January, 1999, Plaintiff, Kay A. Kingsley, was appointed as a full-time administrative law judge ("ALJ") at SERB. Her appointment at that time was to classified service under Ohio law. *See* former Ohio Rev. Code § 4117.02(H).

In April of 2007, the Union filed a charge for an unfair labor practice against the City of Cleveland before SERB. Plaintiff Kingsley was assigned the case styled *SERB v. City of Cleveland*, Case No. 2007-ULP-04-0156. In that case, the Union alleged that the Mayor of the City of Cleveland committed unfair labor practices and attempted to unfairly circumvent the bargaining process. The Union filed an application for a subpoena duces tecum requesting that Mayor be deposed and that he produce phone records, emails, and other documents. The City of Cleveland filed a motion to quash or alternatively for protective order. Plaintiff Kingsley issued an order granting the request for the subpoena and denying the motion to quash or for protective

---

[1] The Court notes that § 1985 protection is not "intended to apply to all tortious, conspiratorial interferences with the rights of others . . . ." *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971). The statute instead requires "that there be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* Plaintiffs allege no such class-based discriminatory animus in their Complaint.

-2-

order, and ordered the Mayor to produce the documents and submit to a deposition. The City of Cleveland appealed the discovery order to the Board, which Plaintiffs claim was improper.

Effective July 1, 2009, the state legislature revised Ohio Revised Code § 4117.02 and consolidated the ALJs assigned to SERB and the State Personnel Board of Review. The new statute also declassified all full-time ALJs at SERB.

In August of 2009, the Board remanded the case to the Chief ALJ James Sprague and Plaintiff Kingsley for further review. After further consideration and despite the Chief ALJ's alleged pressure to change her decision, Plaintiff Kingsley declined to alter her discovery order.[2] Twenty-four hours later, Defendants Chairman Brundige and Executive Director Passmore informed Plaintiff Kingsley that she was being laid off. She received an official letter making the layoff effective October 30, 2009.

Plaintiff appealed her termination to the State Personnel Board of Review. That case remains pending. She also filed a complaint in mandamus in the Ohio Tenth District Court of Appeals challenging the constitutionality of the statutory revision to Ohio Revise Code § 4117.02 that declassified her ALJ position at SERB.

Plaintiff Kingsley alleges that she had constitutionally protected interests in her employment and Defendants wrongfully terminated her in violation of these rights. The Union alleges that SERB applied undue pressure upon Plaintiff Kinglsey to change her discovery order, illegally took control of the case after she was removed and thereby is depriving the Union of a fair and impartial panel. Plaintiffs, therefore, move for a temporary restraining order to prevent

---

[2] Ultimately, the Board granted the City of Cleveland's motion for reconsideration and protective order. The Board transferred the case from the hearings section to itself.

the SERB hearing from proceeding on December 2, 2009.

## II.

Plaintiffs move this Court for a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Rule 65(b) permits a party to seek injunctive relief to prevent immediate and irreparable injury. A temporary restraining order is an extraordinary remedy whose purpose is to preserve the status quo. The factors considered in granting a temporary restraining order or a preliminary injunction are similar in nature. In the Sixth Circuit, it is well-settled that the following factors are to be considered in determining whether a temporary restraining order is necessary:

> (1) Whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) Whether the movant has shown irreparable injury; (3) Whether the issuance of a preliminary injunction [TRO] would cause substantial harm to others; and (4) Whether the public interest would be served by granting injunctive relief.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)( citing *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997)( en banc)(quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995))). No single factor is determinative; these four considerations are to be balanced. *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir.2001). The decision whether or not to issue a preliminary injunction falls within the sound discretion of the district court. *See Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982).

## III.

As the Court discussed on the record during the conference, Plaintiffs cannot establish irreparable harm. Plaintiff Kingsley's alleged constitutional injury is too attenuated to the harm

that the Union asserts will purportedly befall it if the SERB hearing proceeds. Indeed, as the Union alone seeks a restraining order, Plaintiff Kingsley presumably acknowledges that she has no cognizable interest whatsoever in the SERB hearing nor standing to seek injunctive relief to prohibit the administrative matter from proceeding.

As to the merits of its claims, the Court notes from the outset that the Union's constitutional interests in this matter are not immediately apparent. Certainly, the Union maintains all of its right to appeal any decisions reached by SERB at the hearing. Although the Union repeatedly alleges in its Motion that judicial review of the credibility and prejudice of the SERB fact-finders is crucial, it has failed to demonstrate how these matters rise to the level of a federal constitutional tort.[3] Further, the Union has provided no authority upon which this Court could find it proper to enjoin the administrative hearing before SERB from proceeding.

Without a demonstration of irreparable injury or a strong showing of a likelihood of success on the merits, the Court concludes that substantial harm would come to others, particularly the Board members, who have an interest in the orderly administration of their duties to conduct hearings as noticed.

"It is always in the public interest to prevent violation of a party's constitutional rights," *G & V Lounge, Inc. v. Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994). In this case, however, the Court does not have before it a sufficient showing of a constitutional violation so as to justify the invocation of the extraordinary remedy it seeks.

---

[3] The Court notes as a general principle, but does not expressly find in this case in which the matter has not been raised, that the doctrine of abstention typically cautions against a federal court intervening in matters of state concern.

## IV.

For the foregoing reasons, Plaintiffs' Motion for Temporary Restraining Order is **DENIED.**[4]

**IT IS SO ORDERED.**

_12-3-2009_
**DATED**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

---

[4] Plaintiffs' Motion is captioned "Motion for Temporary Restraining Order/ Preliminary Injunction/Permanent Injunction." This Order relates exclusively to Plaintiffs' request for a temporary restraining order. If Plaintiffs intend to pursue further injunctive relief, they must move, by separate motion, with supporting memoranda. *See* S.D. Ohio Civ. R. 7.2(a)(1).