IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kay A. Kingsley, et al.,         :

    Plaintiffs,              :

  v.                               :    Case No. 2:09-cv-1090

N. Eugene Brundige, et al.,      :    JUDGE SARGUS

    Defendants.              :

<u>ORDER</u>

On April 2, 2010, plaintiffs moved to file an amended complaint. The amendment would, in plaintiffs' words, "include new causes of action, including a very likely meritorious First Amendment claim," and would "repair issues with the damages and aesthetics of the original complaint." Motion for Leave of Court to File First Amended Complaint, Doc. #10, at 3. Responsive and reply memoranda have been filed. For the following reasons, the motion for leave to amend will be granted.

I. <u>Background</u>

Plaintiff's initial complaint, filed on November 30, 2009, asserted constitutional claims primarily on behalf of Kay Kingsley, who had been employed as an administrative law judge by the State Employee Relations Board. According to the complaint, Ms. Kingsley was laid off from her job shortly after she issued a decision directing the City of Cleveland to provide certain discovery in an unfair labor practices proceeding. She asserts that the layoff was retaliatory. The other plaintiff, a labor union, has asserted a claim under 42 U.S.C. §1985 for a violation of its constitutional right to a fair and impartial hearing.

In the amended complaint, plaintiffs seek to add a First

Amendment claim based on the theory that the discovery order which Ms. Kingsley issued was protected speech. That complaint also adds a new due process claim and claims for violations of Ohio Rev. Code §1.48 and §121.22. It also makes certain other refinements to claims pleaded in the original complaint.

In opposing the motion, defendants argue that the filing of the amended complaint would be an act of futility. In particular, they argue that any claims asserted under a substantive due process theory are without merit and that the proposed First Amendment claim fails because, under <u>Connick v. Myers</u>, 461 U.S. 138 (1983) and its progeny, Ms. Kingsley's speech occurred in the context of and in relation to her employment duties and therefore was not protected speech. Finally, defendants argue that they are entitled to immunity on the state law claims. They have raised many of the same arguments in their recently-filed motion for judgment on the pleadings.

In their reply brief, plaintiffs argue that the First Amendment claim is not controlled by <u>Connick</u>. They also point out that immunity does not apply to the state law claims asserted under R.C. §§1.48 and 121.22 because no damages are sought on those claims against the state defendants in their individual capacities. Finally, they contend that the issues raised by the opposing brief can be, and should be, raised by way of a motion for summary judgment filed at an appropriate stage of the case.

II. <u>Legal Analysis</u>

From a procedural point of view, it is helpful to note that this case is in its early stages. An initial Rule 16 conference was held only a month ago, and the Court has allowed for six months of discovery after the motion for judgment on the pleadings is decided. Thus, the case is postured in such a way that the legal sufficiency of all of the plaintiffs' claims will be tested before discovery begins in earnest.

That being said, it makes sense to combine the existing challenges to those claims, as set forth in the motion for judgment on the pleadings, with the challenges which defendants raise to the sufficiency of the proposed new claims. Otherwise, the question of whether plaintiffs are able to plead any claims arising out of the underlying set of facts which can survive either a Rule 12(b)(6) motion or a Rule 12(c) motion will be fractured, with some of those issues being decided by the District Judge in the context of a dispositive motion, and, potentially, some being decided by the Magistrate Judge in the context of a non-dispositive motion. The Court always retains the discretion to permit a plaintiff to plead a claim which might be subject to dismissal and to resolve the question of whether it is actually subject to dismissal on the basis of a motion to dismiss; that is, "[t]he trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F.Supp. 578, 581 (S.D.N.Y. 1989). That appears to be the appropriate way to resolve the pending motion to amend, especially where, because of the way in which the motion has been briefed, defendants have not had an opportunity to respond to the arguments made by plaintiffs concerning the legal sufficiency of the proposed new claims.

### III. Disposition

For the foregoing reasons, plaintiff's motion for leave to amend (#10) is granted. The Clerk shall detach and file the amended complaint attached to the motion. Within fourteen days after the amended complaint is filed, defendants shall supplement their motion for judgment on the pleadings to include any arguments about why new claims appearing in the amended complaint, or revised versions of previously-pleaded claims, do not state a claim upon which relief can be granted. Plaintiffs'

response to the motion for judgment on the pleadings shall be filed within twenty-one days after the motion is supplemented as contemplated in this order. Any reply brief is due fourteen days thereafter.

## IV. Appeals Procedure

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge